UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY WAYNE DUCKWORTH,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:22-CV-6-MGG |

OPINION AND ORDER

Anthony Wayne Duckworth, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the disciplinary decision (WCC-21-8-164) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of using a controlled substance in violation of Indiana Department of Correction Offense 202. Following a disciplinary hearing, he was sanctioned with a loss of forty days earned credit time and a demotion in credit class.

Duckworth argues that he is entitled to habeas relief because the hearing officer did not have sufficient evidence to support a finding of guilt. He maintains that the drug test was a false positive and that he does not use methamphetamine.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer represents that he conducted a urinalysis on Duckworth, which indicated the use of methamphetamine. ECF 8-1. The administrative record also includes a photograph of the field urinalysis test and Duckworth's identification card. ECF 8-2. Despite Duckworth's representation that he does not use methamphetamine, the conduct report and the photograph constitute some evidence that Duckworth used controlled substances. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Duckworth argues that he is entitled to habeas relief because correctional staff denied his requests for a laboratory report or an admission of guilt form signed by him. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Duckworth concedes that he did not sign an admission of guilt form and that correctional staff did not send the urine sample to an outside laboratory. In other words, he requested evidence that did not exist and that correctional staff could not provide. Because correctional staff responded reasonably by denying Duckworth's requests for evidence, this claim is not a basis for habeas relief.

2

Duckworth argues that he is entitled to habeas relief because the hearing officer prevented him from participating in the disciplinary hearing for lack of an identification card. He maintains that he did not have his identification card at that time because correctional staff had taken it and had not returned it to him. The Warden responds that Duckworth simply did not leave his dormitory to attend the hearing and that the hearing officer never saw him at the time his hearing was scheduled. The parties have each submitted affidavits to support their respective positions. ECF 8-6; ECF 8-7; ECF 15. Therefore, the court finds a genuine dispute of material fact exists regarding whether the hearing officer prevented Duckworth from attending the disciplinary hearing.

Consequently, the court must conduct an evidentiary hearing to determine whether the hearing officer prevented Duckworth from attending the disciplinary hearing. In preparation for that hearing, the court ORDERS Duckworth and the Warden to separately prepare and file brief status reports, by **July 20, 2022**. The status reports must not exceed five pages (unless greater length is unavoidable) and must address: (1) what genuine issues of fact exist; (2) what discovery might be necessary, how it relates to the issues, and how long it would take to complete; (3) what witnesses and exhibits each party proposes to call or introduce; (4) how much time the evidentiary hearing is expected to require; and (5) what motions have been or are expected to be filed before the evidentiary hearing.

SO ORDERED on June 21, 2022

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, S.
United States Magistrate
Judge
